UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVEREGE VERNOR DICKENS,

        Plaintiff,                      Case No. 4:22-cv-13053

v.                                          Honorable F. Kay Behm

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al*.,

        Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

Plaintiff Everege Dickens, a Michigan state prisoner confined at the Oaks Correctional Facility in Manistee, Michigan, brings this *pro se* lawsuit under 42 U.S.C. § 1983. In his original and supplemental complaint,[1] Plaintiff sues the Michigan Department of Corrections and its employees Warden Chandler Cheeks, Inspector Hohn, Account Tech. B. Faust, Facility Manager S. Zubek, Corrections Officer Johnson, Supervisor John/Jane Doe, Corrections Officer Deveraux, RUM B. Rousseau, Captain Fenner, Hearing Investigator Alfelro, Food Director Robert Ortega, ARUS Shannon, Correctional Officer Blair, and Lt. Brent Whitman.

---

[1] On February 16, 2023, Plaintiff filed an amended complaint. (ECF No. 5.) Generally, an amended complaint supersedes all prior complaints. *See Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). However, it appears to the Court that Plaintiff intends for the amended complaint to supplement the original, not supersede it. Therefore, the Court will consider the amended complaint as a supplemental complaint.

Plaintiff alleges that Defendants violated his First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. He also alleges conspiracy and various state law claims. He sues Defendants in their official and individual capacities and seeks compensatory and injunctive-type relief. All events in the complaint occurred at the Thumb Correctional Facility in Lapeer, Michigan.

Having reviewed the matter and for the reasons stated herein, the Court dismisses the complaint, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and on the basis of immunity.

I.

Plaintiff has been granted *in forma pauperis* status. (ECF No. 4.) Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

§ 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the

federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

II.

First, Plaintiff's claims against Cheeks, Supervisor John/Jane Doe, and S. Zubek based upon their supervisory roles over others must dismissed. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Thus, to the extent that Plaintiff alleges that the afore-mentioned Defendants, or any others, should be liable for another individual's conduct, he fails to state a claim upon which relief may be granted. Any assertions that one or more of the Defendants failed to supervise an employee, should be vicariously liable for another employee's conduct, and/or did not sufficiently respond to the situation are insufficient to state a claim under § 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).

Second, Plaintiff fails to state a conspiracy claim in his complaint. To state a conspiracy claim under § 1983, a plaintiff must allege facts to show: (1) a single

4

plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985*); see also Memphis, TN Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). A plaintiff must plead the conspiracy with some specificity. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one). First, to the extent that Plaintiff broadly alleges that all of the Defendants conspired against him, this allegation is conclusory. Conclusory allegations are insufficient to state a civil rights claim under § 1983, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). Second, Plaintiff's targeted conspiracy allegations against Supervisor John/Jane Doe, Cheeks, Johnson, Blair, Whitman, Hohn, Ortega, and Shannon are also factually unsupported. Plaintiff provides no allegations regarding any agreement among the Defendants with respect to their alleged constitutional violations. He alleges no facts that indicate the existence of a plan, much less that any Defendant shared a conspiratorial objective. Therefore, Plaintiff fails to allege sufficient facts to state a conspiracy claim in his complaint.

Third, Plaintiff is not entitled to relief on his theft of personal property claim against Faust. Plaintiff alleges that Faust removed a portion of a $600 stimulus check from his prison trust fund account. However, the negligent or intentional deprivation of a prisoner's property does not violate due process if adequate state remedies are available to redress the wrong. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). To maintain a § 1983 action "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). Plaintiff fails to establish that Michigan's judicial remedies are inadequate or that it would be futile to present his claim in the Michigan state courts. A prisoner may petition the Prisoner Benefit Fund for compensation, MDOC Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013), submit a claim for property loss of less than $1,000 to the State Administrative Board, Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013), and/or bring a tort or contract action in the Court of Claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies," Mich. Comp. Laws § 600.6419(1)(a). The United States Court of Appeals for the Sixth Circuit has ruled that Michigan provides adequate post-deprivation remedies for property loss. *See Copeland v. Machulis*,

57 F.3d 476, 479 (6th Cir. 1995). Plaintiff thus fails to state a claim upon which relief may be granted under § 1983 as to this issue.

Fourth, to the extent that Plaintiff asserts that Cheeks (or any other Defendant) violated his constitutional rights by denying his grievances or failing to properly investigate the alleged theft (or any other incident) he fails to state a claim upon which relief may be granted. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). A failure to investigate another person's alleged constitutional violation also "do[es] not constitute 'active constitutional behavior'

7

as required and thus, [is] not actionable" under § 1983. *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Plaintiff thus fails to state a claim upon which relief may be granted under § 1983 as to this issue.

Fifth, Plaintiff fails to state an equal protection against Ortega, Blair, and Shannon. Prisoners are entitled to equal protection under the law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The linchpin of an equal protection claim is that the government has intentionally treated people who are similarly situated in a different manner without a rational basis for the disparate treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Ross v. Duggan*, 402 F.3d 575, 587-88 (6th Cir. 2004). Prisoners are not members of a protected class for equal protection purposes due to their status as prisoners. *Jackson v. Jamrog*, 411 F.3d 615, 619, (6th Cir. 2005); *Wilson v. Yaklich*, 148 F.3d 596-604 (6th Cir. 1998). To establish a violation of the Equal Protection Clause, an inmate must show that the defendants intentionally or purposefully discriminated against him. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). Such discriminatory purpose must be a motivating factor in the actions of the defendants. *Id*. at 265–66.

Plaintiff alleges that while being held in a quarantine unit, he requested a substitute meal tray to accommodate his religious observance. (ECF No. 1,

8

PageID.8.) According to Plaintiff, after all other inmates in his unit were served a meal tray, he was told to complete and sign a meal choice form before he could receive a substitute tray. (*Id*.) Plaintiff alleges that other inmates received substitute meal trays without completing the form. (*Id*.) Plaintiff alleges that he was denied a substitute tray because he failed to complete the form. (*Id*.)

While Plaintiff may sufficiently allege that he was treated differently from others who are similarly situated, he fails to meet the second part of the inquiry. He has not alleged any facts showing that defendants' discriminatory purpose was the motivating factor in denying him a substitute tray. Therefore, Plaintiff fails to state a claim upon which relief may be granted under § 1983 as to this issue.

Sixth, Plaintiff fails to state a retaliation claim against Ortega, Blair, and Shannon. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id*. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d

9

1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff does not set forth facts that would plausibly suggest that he engaged in any First Amendment protected conduct, that Defendants Ortega, Blair, and Shannon were aware of the same, or that Defendants took any adverse action against Plaintiff that could be said to have been motivated by his exercise of a protected right. Plaintiff thus fails to state a claim upon which relief may be granted under § 1983 as to this issue.

Seventh, Plaintiff's claims for interference with legal mail against Inspector Hohn must be dismissed. Plaintiff alleges that Inspector Hohn interfered with his legal mail in violation of his First, Sixth, Eighth, and Fourteenth Amendment rights when he confiscated "5 pages of fraudulent legal mail suspected of being soaked in an unknown substance." (ECF No. 1, PageID.7.) He further alleges that Inspector Hohn denied him access to the courts by refusing to provide him with copies of the "fraudulent legal mail." (*Id.*)

A prisoner's right to receive mail is protected by the First Amendment, but prison officials may impose restrictions that are reasonably related to security or other legitimate penological objectives. *See Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992). As the Sixth Circuit has noted, "prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an

10

eye to maintaining prison security." *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993). The ability of a prisoner "to receive materials of a legal nature" implicates a fundamental right. *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996); *Sallier v. Brooks*, 343 F.3d 868, 873– 74 (6th Cir. 2003) (finding that legal mail is entitled to a heightened level of protection to avoid impinging on a prisoner's legal rights, the attorney-client privilege, and the right to access the courts). The Sixth Circuit has held that "'blatant disregard' for mail handling regulations concerning legal mail violates constitutional protections," *Merriweather v. Zamora*, 569 F.3d 307, 317 (6th Cir. 2009), and that "[t]wo or three pieces of mail opened in an arbitrary or capricious way suffice to state a claim." *Id*. However, "isolated instances of interference with prisoners' mail" may not rise to the level of a constitutional violation under the First Amendment. *See Johnson v. Wilkinson*, No. 98-3866, 2000 WL 1175519 (6th Cir. Aug. 11, 2000) ("This random and isolated interference with Johnson's mail did not violate his constitutional rights.") (citation omitted).

Here, given the characterization of the mail as "fraudulent legal mail," Plaintiff has not sufficiently alleged that the mail was of a legal nature requiring heightened protection, which defeats his Sixth Amendment and access to courts claims. *See Kensu*, 87 F.3d at 174 (defining "'legal mail' to include delivery of legal materials to a prisoner, properly and clearly marked as legal materials, via the

11

U.S. Postal Service or alternative private courier services, and hand delivery.") Because Inspector Hohn's confiscation of Plaintiff's regular mail suspected of being soaked in an unknown substance was reasonably related to maintaining prison security and done pursuant to prison policy, Plaintiff fails to establish a First Amendment violation. *See Knop*, 977 F.2d at 1012; *Sheets v. Moore*, 97 F.3d 164, 166 (6th Cir. 1996). Additionally, the Court concludes that no constitutional violation occurred because this was isolated incident. Therefore, Plaintiff's claims against Inspector Hohn are dismissed.

Eighth, Plaintiff claims alleging violations of MDOC policies and procedures and/or state law, must be dismissed. Plaintiff alleges multiple violations of MDOC policies and brings state law claims for negligence, gross negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, fraud, and violation of the Michigan Constitution. Section 1983 provides a remedy for violations of federal law, not prison policy or state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (holding that claims under § 1983 can be brought only for "deprivation of rights secured by the [C]onstitution and laws of the United States"); *Laney v. Farley*, 501 F.3d 577, 580-81 (6th Cir. 2007). Alleged violations of MDOC policy or Michigan law do not rise to the level of a violation or deprivation of a federal constitutional right cognizable under § 1983. *See Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008)

12

(ruling that "failing to follow proper procedures is insufficient to establish an infringement of a liberty interest" and citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)). Plaintiff's claims alleging violations of MDOC policies or procedures or violations of Michigan law fail to state a claim upon which relief may be granted under § 1983.

Ninth, the complaint must also be dismissed against Hearing Officer Captain Fenner and Hearing Investigator Alfelro, because they are immune from being sued for their actions in conducting prison misconduct hearings. Prison hearings officers in Michigan are entitled to absolute judicial immunity from liability in a § 1983 suit challenging their actions in conducting an administrative hearing. *See Goldsmith v. Sharrett*, 614 F. App'x. 824, 827 (6th Cir. 2015); *see also Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988); *see also Berryman v. Freed*, 2017 WL 9471687, at *5 (E.D. Mich. June 14, 2017), report and recommendation adopted, 2017 WL 3224965 (E.D. Mich. July 31, 2017), aff'd, WL 3954209 (6th Cir. Aug. 14, 2018) (Courts in this district have held that MDOC hearings investigators and officers are entitled to "absolute judicial immunity.") Plaintiff's suit against the hearing officers must be dismissed on the basis of absolute judicial immunity.

Tenth, the MDOC, and its employees on claims against them in their official capacities, are entitled to Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution bars civil rights actions against a

State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to being sued in civil rights actions in the federal courts, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Mich.*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a State and its agencies. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief. *McCormick*, 693 F.3d at 662 (citing *McKey v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)). Eleventh Amendment immunity also applies to state employees who are sued in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).

The State of Michigan and the MDOC, an agency within the Michigan government, are entitled to Eleventh Amendment immunity. *See Harrison*, 722

14

F.3d at 771 (citing cases); *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005). The defendants who are all employees of the MDOC and thereby the State of Michigan and are sued (in part) in their official capacities, are thus entitled to Eleventh Amendment immunity. *See Will*, 491 U.S. at 70-71; *Johnson*, 357 F.3d at 545. Thus, Plaintiff's claims against the MDOC, and Plaintiff's claims for monetary damages and non-prospective injunctive relief against the MDOC defendants in their official capacities must be dismissed.

Lastly, the Court finds that Plaintiff's claims against Corrections Officer Johnson, Corrections Officer Deveraux, and RUM B. Rousseau concerning deliberate indifference to inmate safety, retaliation, and racial discrimination are not subject to summary dismissal. While Plaintiff may or may not ultimately prevail on those claims, he has pleaded sufficient facts to state potential claims for relief.

### III.

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to his claims based upon supervisory liability, the handling and denial of his grievances, the theft of his personal property, violations of MDOC policy or state law, conspiracy, interference with legal mail, and equal protection against Defendants Ortega, Blair,

and Shannon. Accordingly, the Court **DISMISSES** those claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Accordingly, the Court **DISMISSES** Defendants Cheeks, Hohn, Faust, Zubek, Supervisor John/Jane Doe, Fenner, Alfelro, Ortega, Shannon, Blair, and Whitman from this action as they no longer have valid pending claims for relief against them. The Court also **DISMISSES** Plaintiff's claims for monetary damages against Defendants Johnson, Deveraux, and Rousseau in their official capacities.

The Court further concludes that Plaintiff's claims against Defendants Johnson, Deveraux, and Rousseau concerning deliberate indifference to inmate safety, retaliation, and racial discrimination survive the Court's initial screening process under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A and are not subject to summary dismissal.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**SO ORDERED**.

                                           s/F. Kay Behm
                                           F. KAY BEHM
                                           United States District Judge

Dated: May 10, 2023