UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVEREGE VERNOR DICKENS,

        Plaintiff,                       Case No. 4:22-cv-13053

v.                                      Honorable F. Kay Behm

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al*.,

        Defendants.
_____/

**OPINION AND ORDER DENYING
MOTION FOR RECONSIDERATION**

**I.      INTRODUCTION**

Plaintiff Everege Dickens filed this *pro se* lawsuit under 42 U.S.C. § 1983 against various Michigan Department of Corrections (MDOC) employees. On May 10, 2023, the Court entered an opinion and order dismissing several defendants for failure to state a claim and immunity pursuant to its screening obligations under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). (ECF No. 6.) Nearly 11 months later, Dickens filed the present motion for reconsideration challenging the Court's dismissal of defendants Hearing Investigator Alfelro and Inspector Hohn. (ECF No. 28.) The Court concludes that Dickens is not entitled to relief because the motion for reconsideration is untimely and lacks merit.

## II.  DISCUSSION

As an initial matter, Dickens's motion for reconsideration is untimely. E.D. Mich. L.R. 7.1(h)(2) applies to non-final orders and states that: "A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." *Id*. Dickens signed and dated his motion for reconsideration on April 3, 2024, nearly 11 months after the Court entered the partial dismissal order. Therefore, the motion was filed well outside of the 14-day period and is clearly untimely. A district court is without power to enlarge the time for making motions for reconsideration of their orders. *Denley v. Shearson/American Express, Inc*., 733 F. 2d 39, 41 (6th Cir. 1984). Accordingly, the Court denies the motion as untimely.

Even if the Court were to consider the merits of Dickens's motion for reconsideration, he fails to persuade the Court that Local Rule 7.1(h)(2) entitles him to the requested relief. To succeed on a motion for reconsideration on this basis, the movant must show either:

> (A)   The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B)   An intervening change in controlling law warrants a different outcome; or
>
> (C)   New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2)(A)-(C).  Dickens asserts that the Court erred by dismissing defendants Alfelro and Hohn.  However, he fails to show that the Court made a mistake based on the facts or law before it.  Dickens merely reiterates allegations that he made in his complaint, which the Court previously considered in its partial dismissal order.  Further, he does not argue that an intervening change in controlling law or new facts warrant a different outcome. Accordingly, the motion must be denied because Dickens has failed satisfy any of the requirements set forth in Local Rule 7.1(h)(2).

### III.   CONCLUSION

Accordingly, **IT IS ORDERED** that the motion for reconsideration (ECF No. 28) is **DENIED**.

**IT IS SO ORDERED**.

                                               s/F. Kay Behm  
                                               F. KAY BEHM  
                                               UNITED STATES DISTRICT JUDGE

Dated:  May 7, 2024