UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EVEREGE VERNOR DICKENS,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON, *et al.*,<br><br>Defendants. | Case No. 22-cv-13053<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS
JOHNSON AND ROUSSEAU'S MOTION FOR SUMMARY JUDGMENT
(ECF NO. 23)**

## I.   Introduction

Plaintiff Everege Vernor Dickens, a pro se prisoner of the Michigan Department of Corrections (MDOC), sues under 42 U.S.C. § 1983, against Defendants Johnson and B. Rousseau.  ECF No. 1; ECF No. 5.  Dickens claims that Johnson, a corrections officer, reported to work at the prison after testing positive for COVID-19 and was thus deliberately indifferent in violation of the Eighth Amendment.  ECF No. 1, PageID.3-4.  Dickens also alleges that Rousseau, a housing unit manager, wrote him a false misconduct ticket in retaliation for filing grievances, in violation of the First Amendment.  *Id.*, PageID.5.  The Honorable F. Kay Behm referred the case

to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 20.

Johnson and Rousseau move for summary judgment for failure to exhaust administrative remedies. ECF No. 23. For the reasons below, the Court **RECOMMENDS** that their motion be **GRANTED**.

II. Analysis

A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue

for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this requirement, an inmate must strictly comply with the grievance process provided by the prison. *Woodford*, 548 U.S. at 93-94. But an inmate need only exhaust those remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then § 1997e will not act as a barrier to suit. *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). "But a prisoner countering a motion alleging failure to exhaust must

3

offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Parks v. Mich. Dep't of Corr.*, No. 2:20-cv-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (cleaned up). Summary judgment based on failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

**B.**

Dickens's deliberate indifference claim required exhaustion through the grievance process under MDOC Policy Directive (PD) 03.02.130. That policy directive outlines a three-step procedure that prisoners must follow to complete the administrative review process and properly exhaust grievances. ECF No. 23-2. The policy requires a prisoner to try to informally resolve the problem with the allegedly offending staff within two days of learning about the grievable issue, and then, within five days of those informal efforts, file with the grievance coordinator a Step I grievance about any unresolved issues. *Id.*, PageID.181-182, ¶¶ Q, W. The prisoner may then file a Step II grievance appeal within ten business days of receiving the Step I response or, if no response was received, within ten business days after the date the response was due. *Id.*, PageID.183,

4

¶ DD.  The same schedule applies to a Step III appeal—it is due within ten business days of receiving the Step II response or, if no response was received, within ten business days after the date the response was due. *Id.*, PageID.184, ¶ HH.  Prisoners must appeal their grievances through Step III and wait until receipt of a Step III response, or until the response is past due, before suing.

Johnson submits a grievance report showing that Dickens pursued four grievances through Step III: (1) TCF-21-10-1023-28e, (2) TCF-21-07-0647-15z, (3) TCF-21-02-0122-28e, and (4) TCF-21-04-332-03d.[1]  ECF No. 23-3, PageID.191.  As Johnson argues, the last three grievances did not allege that he reported to work after testing positive for COVID-19.  *Id.*, PageID.200-211.  A plaintiff fails to exhaust remedies when grievances do not involve the same issues raised in the complaint.  *Ford v. Martin*, 49 F. App'x 584, 585 (6th Cir. 2002).

Dickens argues that Grievance TCF-1023 exhausted his claim against Johnson.  ECF No. 27, PageID.257, 262-267.  In that grievance, Dickens complained that Warden Willis Chapman conspired with other employees and negligently failed to protect Dickens from contracting

---

[1] The Court refers to the grievances by their institution code and four-digit identifier (e.g., Grievance TCF-1023).

5

COVID-19.  ECF No. 23-3, PageID.195-199.  PD 03.02.130 requires prisoners to identify by name the persons being grieved.  ECF No. 23-2, PageID.181, ¶ S ("Dates, times, places, and names of all those involved in the issue being grieved are to be included.").  The grievance neither named Johnson nor gave him notice that the grievance involved him.  Thus, Dickens failed to exhaust his claim against Johnson.

> Although a failure to name a specific individual in a grievance may not always render exhaustion inadequate, a plaintiff fails to exhaust administrative remedies as to a particular defendant not identified in the grievance if the plaintiff specifically identifies other defendants by name and nothing in the grievance would put the unnamed defendants on notice.

*Kensu v. Rapelje*, No. 12-11877, 2013 WL 1774637, at *4 (E.D. Mich. Apr. 25, 2013) (citing *Walls v. O'Connor*, 12-11874, 2013 WL 572449 (E.D. Mich. Jan. 22, 2013)) (cleaned up).

Dickens argues that Grievance TCF-1023 was improperly denied as untimely at Step I because he had a valid reason for the delay: he was sick with COVID-19.  ECF No. 27, PageID.257.  Regardless, this grievance exhausted no claim against Johnson because he was not properly named in the grievance.

## C.

A prisoner cannot exhaust a retaliatory misconduct claim through the three-step grievance process.  Rather, PD 03.02.130 states that decisions

6

about misconduct tickets must be challenged through a hearing. See ECF No. 23-2, PageID.179-180, ¶ J(9), (11). Thus, the "only avenue" for exhausting a retaliation claim stemming from a misconduct ticket is by raising it at the misconduct hearing. *Smith v. Pallas*, No. 18-1933, 2019 WL 7946345, at *3 (6th Cir. Nov. 7, 2019); *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011). To fully exhaust, the prisoner must raise the claim of retaliation at the initial misconduct hearing and, if unsuccessful, in the available avenues for rehearing or appeal. *McNees v. Torrey*, No. 1:19-CV-121, 2021 WL 1178627, at *4 (W.D. Mich. Mar. 4, 2021), *adopted*, 2021 WL 1171958 (W.D. Mich. Mar. 29, 2021); see also ECF No. 23-5, PageID.229, ¶¶ SSS-XXX (describing the rehearing and appeal processes for misconduct).

Dickens never alleged that the misconduct ticket was retaliatory during the misconduct hearing. ECF No. 23-4, PageID.216. Nor did he appeal the hearing officer's decision. *Id.*, PageID.215. Although Dickens argues that the appeals process was unavailable to him because the hearing officer refused to give him an appeal form, he does not address Rousseau's argument that he failed to allege retaliation during the hearing. ECF No. 27, PageID.258. Thus, Dickens failed to exhaust his retaliatory misconduct claim. *See Williams v. Washington*, No. 2:18-cv-00144, 2019

7

WL 4722704, at *5 (W.D. Mich. June 12, 2019), *adopted*, 2019 WL 4690261 (W.D. Mich. Sept. 26, 2019); *Harris-Bey v. Alcodray*, No. 16-12666, 2017 WL 3124328, at *4 (E.D. Mich. July 24, 2017).

### III.   Conclusion

The Court **RECOMMENDS** that defendants' motion be **GRANTED** (ECF No. 23).

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: June 6, 2024

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

8

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 6, 2024.

s/Julie Owens
JULIE OWENS
Case Manager
