UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERAGE VERNOR DICKENS,              Case No. 22-13053

    Plaintiff,                          F. Kay Behm
v.                                   United States District Judge

JOHNSON, *et al.*,                   Elizabeth A. Stafford
                                     United States Magistrate Judge
    Defendants.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S JUNE 6, 2024 REPORT AND RECOMMENDATION (ECF No. 32)**

**I.     PROCEDURAL HISTORY**

Plaintiff, Everage Vernor Dickens, brings this prisoner civil rights lawsuit against Defendants Johnson and B. Rousseau. (ECF No. 1; ECF No. 5). Dickens claims that Johnson, a corrections officer, reported to work at the prison after testing positive for COVID-19 and was thus deliberately indifferent in violation of the Eighth Amendment. Dickens also alleges that Rousseau, a housing unit manager, wrote him a false misconduct ticket in retaliation for filing grievances, in violation of the First Amendment. The court referred this matter for all pretrial proceedings to Magistrate Judge Elizabeth A. Stafford. (ECF No. 20). Defendants filed a motion for summary judgment claiming that Dickens failed to exhaust his administrative remedies. (ECF No. 23). Dickens opposed the motion and Judge

1

Stafford recommends granting the motion in her June 6, 2024 Report and Recommendation (R&R). (ECF No. 32). More specifically, Judge Stafford recommends granting the motion for summary judgment as to Johnson because the grievance failed to name him or given him notice that the grievance involved him. *Id*. Judge Stafford also recommends granting the motion as to Rousseau because Dickens did not exhaust his administrative remedies regarding his alleged retaliation claim because he did not raise the issue at his misconduct hearing. *Id*. Dickens filed objections to the R&R, asserting that (1) he could not name the corrections officer in the grievance because he did not know the name; and (2) he claims he did inform the hearing office of his retaliation claim. (ECF No. 33). Defendants have not filed a response to the objections.

For the reasons set forth below, the court **OVERRULES** Dickens' objections (ECF No. 33), **ACCEPTS** and **ADOPTS** the Magistrate Judge's June 6, 2024 Report and Recommendation (ECF No. 32), and **GRANTS** Defendants' motion for summary judgment (ECF No. 23).

II.   **LEGAL STANDARD**

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). This court "may accept, reject or modify, in whole or in part, the findings or

2

recommendations made by the magistrate judge." *Id*. "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections

3

merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

### III. PLAINTIFF'S OBJECTIONS[1]

#### A. Objection No. 1

Dickens claims that Johnson reported to work after testing positive for COVID-19 and then infected him. As explained in the R&R, in his motion for summary judgment, Johnson argued that none of the grievances that Dickens pursued through the Michigan Department of Corrections requisite three step grievance procedure alleged that he reported to work after testing positive for COVID-19. (ECF No. 32, PageID.362). Dickens argued that Grievance TCF-1023 exhausted his claim. *Id*. (citing ECF No. 27, PagedID.257, 262-267). In that grievance, Dickens complained that Warden Willis Chapman conspired with other employees and negligently failed to protect Dickens from contracting COVID-19. *Id*. at PageID.362-63 (citing ECF No. 23-2, PageID.195-199). However, the MDOC grievance procedure requires prisoners to identify by name the persons being grieved. *Id*. at PageID.363 (citing ECF No. 23-2, PageID.181, ¶ S; *see also Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) ("Under the [MDOC's] procedural

---

[1] While Dickens purports to object to the entirety of the R&R, the court will only address his specific objections. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (Objections that dispute the general correctness of the report and recommendation are improper.).

rules, inmates must include the 'names of all those involved in the issue being grieved' in their initial grievance."). Thus, Judge Stafford concluded that Dickens failed to exhaust the claim against Johnson.

In his objection, Dickens claims that he "could not state the correctional officer name in the grievance" because he "did not know his name." (ECF No. 33, PageID.368). As Judge Stafford pointed out,

> Although a failure to name a specific individual in a grievance may not always render exhaustion inadequate, a plaintiff fails to exhaust administrative remedies as to a particular defendant not identified in the grievance if the plaintiff specifically identifies other defendants by name and nothing in the grievance would put the unnamed defendants on notice.

*Kensu v. Rapelje*, 2013 WL 1774637, at *4 (E.D. Mich. Apr. 25, 2013) (citing *Walls v. O'Connor*, 2013 WL 572449 (E.D. Mich. Jan. 22, 2013)) (cleaned up). While Dickens may not have known Johnson's name, nothing in the grievance even hints at his theory that he contracted COVID-19 because a particular corrections officer returned to work knowing that he was infected with the virus.[2] "The purpose of a

---

[2] Dickens' Step I grievance, dated October 20, 2021, reads as follows:

> On 12-10-20 Grievant tested positive for Corona Virus (Covid-19). At this time, Grievant was housed and detained at the Thumb Correctional Facility, Burns B-45, in [sic] which is operated and ran by a Warden, Willis Chapman, who is also employed by the MDOC. Who also conspired with other employee's [sic] under him (Willis Chapman), and allowed a threat to physical harm, and a gross of [sic] negligence, which is a violation of the grievant's Federal Const. Rights as well as

5

grievance is to put MDOC on notice of an issue within the prison so that it may remedy it internally." *Shelton v. Oaks*, 2022 WL 4117023, at *2 (E.D. Mich. Sept. 9, 2022).  While the grievance at issue put prison officials on notice that Dickens had contracted COVID-19 and was not satisfied that sufficient care was taken to prevent his infection, nothing in the grievance gave officials notice of his complaint that a corrections officer knowingly came to work with an active COVID-19 infection.  Accordingly, the court **OVERRULES** this objection and finds that Judge Stafford correctly concluded that the grievance did not exhaust Dickens' claim against Johnson.

B.    Objection No. 2

As noted in the R&R, a prisoner cannot exhaust a retaliatory misconduct claim through the three-step grievance process.  (ECF No. 32, PageID.363).  Rather, MDOC Policy Directive 03.02.130 states that decisions about misconduct

---

the grievant's Michigan Const. Rights to be free from cruel and unusual punishment.  The people stated above did nothing to ensure Dickens being treated humane.  Instead put Dickens health in danger, which was an unnecessary and unwanton [sic] infliction of pain.  This was a health hazardness [sic] to the living conditions at the above mention [sic] prison, Dickens was and still is detained at.  Warden did nothing to stop or prevent this assault.  This also violates MDOC policy's [sic] and procedures, operating policy's [sic] and the prisons as well.  The above grievant reserves his right to be free from retaliation, shakedowns, Dickens being transferred to another facility because of writing this grievance or going further in this action, or any other retaliation.

(ECF No. 23-3, PageID.198).

tickets must be challenged through a hearing. *Id*. at PageID.364 (citing ECF No. 23-2, PageID.179-180, ¶ J(9), (11)). Thus, the R&R explains that the "only avenue" for exhausting a retaliation claim stemming from a misconduct ticket is by raising it at the misconduct hearing. *Id*. (quoting *Smith v. Pallas*, No. 18-1933, 2019 WL 7946345, at *3 (6th Cir. Nov. 7, 2019); *see also Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011). Judge Stafford pointed out that Dickens never alleged that the misconduct ticket was retaliatory during the misconduct hearing and thus, failed to exhaust this claim against Rousseau. *Id*. (citing ECF No. 23-4, PageID.216).

Dickens objects to this finding, asserting that he informed the hearing officer of Rousseau's retaliatory conduct and the hearing officer chose to ignore it. (ECF No. 33, PageID.368). However, Dickens did not argue in his response to the motion for summary judgment that he so informed the hearing officer and thus has waived this argument. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq*., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."); *Marr v. Foy*, 2010 WL 3061297, at *4 (W.D. Mich. Aug. 3, 2010) ("It is well established that a party may not raise an argument, advance a theory, or marshal

7

evidence before a District Judge that was not fairly presented to the Magistrate Judge."). Further, Dickens provides no evidence to support this claim and thus has not, in any event, created a genuine issue of material fact. *See Carmon v. CSX Transportation, Inc.*, 2019 WL 3857895, at *5 (M.D. Tenn. Aug. 15, 2019) ("[Carmon]'s conclusory and unsupported assertions are insufficient to create a genuine issue of material fact and defeat summary judgment."). Accordingly, this objection is **OVERRULED** and the court finds that Judge Stafford correctly concluded that Dickens did not exhaust his retaliation claim against Rousseau.

**IV.   CONCLUSION**

For the reasons set forth above, the court **OVERRULES** Dickens' objections (ECF No. 33), **ACCEPTS** and **ADOPTS** the Magistrate Judge's June 6, 2024 Report and Recommendation (ECF No. 32), and **GRANTS** Defendants' motion for summary judgment (ECF No. 23).

**SO ORDERED**.

Date: August 9, 2024                          s/F. Kay Behm
                                              F. Kay Behm
                                              United States District Judge