UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVEREGE VERNOR DICKENS,

               Plaintiff,

v.

DANIEL DEVERAUX,

               Defendant.

Case No. 22-13053
Honorable F. Kay Behm
Magistrate Judge Elizabeth A. Stafford

**ORDER STRIKING PLAINTIFF'S IMPROPER FILING
(ECF NO. 51)**

Plaintiff Everege Vernor Dickens, a pro se prisoner of the Michigan Department of Corrections (MDOC), brings this action under 42 U.S.C. § 1983, against Defendant Daniel Deveraux, the sole remaining defendant. ECF No. 1; ECF No. 5. The Honorable F. Kay Behm referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 44.

The Court strikes Dickens's improper filing. Federal Rule of Civil Procedure 7(a) authorizes parties to file various pleadings, limited to: a complaint; an answer to a complaint; an answer to a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; or, if the court orders one, a reply to an answer. Parties may

also file motions that "state with particularity the grounds for seeking" a court order.  Fed. R. Civ. P. 7(b).  And the Court's local rules permit parties to file responses and replies to motions.  E.D. Mich. LR 7.1(d).

Dickens filed a "motion" for proposed settlement detailing his settlement demand.  ECF No. 51.  But settlement documents are not properly filed on the docket.  And while courts can encourage litigants to negotiate about the possibility of settlement, they cannot force parties to settle.  *United States v. LaCroix*, 166 F.3d 921, 922 (7th Cir. 1999); *In re NLO, Inc.*, 5 F.3d 154, 157 (6th Cir. 1993).  The Court thus **STRIKES** Dickens's settlement demand as an unauthorized filing.  ECF No. 51.

The Court also **WARNS** Dickens that he may face sanctions if he clogs the docket with improper filings.  "Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."  *Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006).  Dickens's pro se status does not give him license "to clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Bradley v. Wallrad*, No. 1:06 cv 246, 2006 WL 1133220, at * 1 n.2 (S.D. Ohio Apr. 27, 2006) (cleaned up).  If

2

Dickens continues to do so, the sanctions that he may face include "(1) involuntary dismissal with prejudice; (2) revoking the plaintiff's IFP status; and (3) enjoining the plaintiff from filing lawsuits in this district without leave of court." *Hardy v. Whitaker*, __ F.R.D. ___, 2026 WL 575225, at *11 (E.D. Mich. Mar. 2, 2026).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 25, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.